**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5241

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGER MIKEL SMALLWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Samuel G. Wilson, District Judge.  (5:07-cr-00065-sgw-1)

Submitted: August 31, 2009        Decided: September 18, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Fay F. Spence, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Mikel Smallwood pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 135 months in prison, well below the advisory guidelines range of 188 to 235 months. Smallwood appeals, arguing that his variance sentence is unreasonable. Finding no error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 38, ____, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. In imposing a variance sentence, the district court "must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance. . . . [I]t [is] uncontroversial that a major departure should be supported by a more significant justification than a minor one." Id. at 597.

The district court followed the necessary procedural steps in sentencing Smallwood, appropriately treating the guidelines as advisory, properly calculating and considering the

2

applicable guidelines range, performing an individualized assessment of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Smallwood argued for a variance sentence and received one. The court articulated its reasons for the variance--the delay in prosecution, the sentences of Smallwood's co-defendants, and Smallwood's rehabilitative efforts--and weighed these factors against the seriousness of the offense, the large quantity of drugs foreseeable to Smallwood, and his role in the conspiracy.

We conclude the district court did not abuse its discretion in imposing the chosen sentence. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED